IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

IN RE:

**PHILLIP WINDSOR and**  **BANKRUPTCY NO.: 09-41309**
**DEBRA WINDSOR,**

    DEBTORS.

---

**PHILLIP WINDSOR and**
**DEBRA WINDSOR,**

    PLAINTIFFS,

VS.

**WILLIAM DAVID ADAIR and**  **ADVERSARY PROCEEDING NO.:**
**MARCHELLE LYNN ADAIR,**  **09-41309-JJR**

    DEFENDANTS.

---

### MOTION OF CLAIMANTS FOR RELIEF FROM AUTOMATIC STAY

    **COME NOW** the Defendants, William David Adair and Marchelle Lynn Adair, and say:

    1. Your Petitioners have heretofore filed a claim in the Bankruptcy Court, Claim #19, in the amount of $5,650.00. The debtors have objected to the claim.

    2. In response, the debtors have filed an Adversary Proceeding Complaint in this cause which has been answered by the Claimants.

3. At the time the debtors filed their Chapter 13 proceeding, there was then pending in the Circuit Court of Etowah County, Alabama an action styled William David Adair, et al vs. Phillip Windsor, individually and d/b/a Creative Cabinets and Debra Kay Windsor, individually and d/b/a Creative Cabinets, Case No.: CV-09-14-WHR, to determine whether the claimants owed the debtors any money and to determine if the debtors owed the plaintiffs any money as a result of an agreement between the debtors and the claimants to install in the new house of the claimants the kitchen and master bath counter-tops and sinks in a good and workmanlike manner for which the claimants were to pay to the debtors the sum of $5,650.00. Prior to the commencement of the work the claimant paid to the defendants $2,825.00 leaving a balance due upon completion of the work of $2,825.00.

4. The work was never completed by the debtors and the work that was done was not done in a good and workmanlike manner. Claimants claim that the debtors owed to the claimants the sum of $5,650.00. One-half of that sum was paid to the debtors and the other half was paid into Circuit Court to remove a lien against the property which had been filed by the debtors. It was holding up permanent financing on the claimant home. A copy of the claim for Declaratory Judgment and other relief from the Circuit Court is attached along with the Answer of the Debtors and an Order of the Court. The issues are the same as in this Honorable Court; whether the debtors are indebted to the Claimants.

5. A justiciable controversy exists between the claimants and the debtors upon which material rights are involved.

6. Upon the filing of the Chapter 13 proceeding, an Automatic Stay prevented the state action from moving forward. In this cause there is a necessity of trial to determine the rights of the parties in the matter. That issues can be determined in the Circuit Court of Etowah County, Alabama.

7. That the Automatic Stay in this cause should be removed from the State Court action above described, and the trial be allowed to proceed in that Court to determine if the debtors owe the claimants the money evidenced by the Claim filed in this cause. It is to the best interest of all the parties in this Court that the matter be heard in the Circuit Court of Etowah County, Alabama.

8. That the matter in the State Court is identical issues as presented in the Adversary Proceeding in this Bankruptcy Court. Hearing should be continued in the bankruptcy trial and the matter allowed to proceed in state court for the following reason:

a. This matter can best be tried in the Circuit Court of Etowah County, Alabama.

WHEREFORE, premises considered your Claimants pray that your Honor will enter an Order removing the automatic stay as to the action pending in the Circuit Court of Etowah County, Alabama and allow that action to determine whether or not the debtors are indebted to the claimants in any sum of money, or whether the Claimants are indebted to the debtors, which determination will determine the validity of the claims of the Plaintiffs.

/s/Jack Floyd
JACK FLOYD   (FLO005)
ATTORNEY FOR CLAIMANTS
808 CHESTNUT STREET
GADSDEN, AL 35901
(256) 547-6328

## CERTIFICATE OF SERVICE

I hereby certify that I have served the copies of the Motion by Claimants for Relief From Automatic Stay upon Carla Handy, Attorney for Debtors, by electronic service, and facsimile to (256) 543-3280, this the 22nd day of December, 2009.

/s/Jack Floyd
JACK FLOYD   (FLO005)
ATTORNEY FOR CLAIMANTS
808 CHESTNUT STREET
GADSDEN, AL 35901
(256) 547-6328

IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

| | |
|---|---|
| WILLIAM DAVID ADAIR and<br>MARCHELLE LYNN ADAIR,<br><br>     PLAINTIFFS<br><br>VS.<br><br>PHILLIP WINDSOR, Ind. and d/b/a<br>CREATIVE CABINET; and DEBRA KAY<br>WINDSOR, Individually and d/b/a<br>CREATIVE CABINET,<br><br>     DEFENDANTS | *<br>*<br>*<br>*   CASE NO. CV-09- 14-WHR<br>*<br>*<br>*<br>* |

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

1. This action is brought and the Court's jurisdiction is invoked pursuant to the provisions of the Code of Alabama, 1975, §6-6-220 et seq.

2. The plaintiffs are the owners of the following described real estate situated in Etowah County, Alabama:

> Lots 2 through 9 of Moodys Chapel Estates as platted and recorded in Plat Book J, Page 15, in the Office of the Judge of Probate, Etowah County, Alabama.

3. The defendants who do business as Creative Cabinet are of legal age and are residents of the State of Alabama. Creative Cabinet and the defendants do business in Etowah County and the contract made the basis of this lawsuit at the home of the plaintiffs which was being constructed on the above described real estate in Etowah County, Alabama.

4. On or about December 9, 2008, the plaintiffs and defendants entered into an agreement for the defendants to install at the new home of the plaintiffs the kitchen and master bath counter-tops and sinks in a good and workmanlike manner for which the defendants were to be paid by the plaintiffs the sum of $5,650.00. (A copy of the contract is attached)

FILED
JAN 12 2009
BILLY YATES
CLERK, CIRCUIT COURT

5. The plaintiffs have constructed a new home on the above described real estate in Etowah County, Alabama, and had completed the home construction except for the installation of the counter-tops and sinks under the contract above stated.

6. The date for closing permanent financing on the home was set. A permanent loan had been obtained by the plaintiffs with a 5% interest per annum.

7. The defendants were to install the counter-tops and so forth in a good and workmanlike manner for a total cost of $5,650.00. Prior to the commencement of the work the plaintiffs paid to the defendants one-half of the agreed price or $2,825.00, leaving a balance due of $2,825.00 to be paid upon completion of the work in a good and workmanlike manner.

8. Shortly after December 9, 2008, the defendants began installation. The work was not done as agreed on and was not done in a good and workmanlike manner. Defendants committed considerable damage to the completed parts of the plaintiffs home in attempting to install the counter-tops.

9. The defendants claimed to have installed the counter-tops and sinks in a good and workmanlike manner and called upon the plaintiffs to pay the balance of the purchase price of $2,825.00. The plaintiffs refused to pay the balance until the defendants completed the work in a good and workmanlike manner.

10. The work was done in a shoddy manner to such extent that all of the counter-tops and the sinks must be replaced causing the plaintiff to incur additional expense with different contractors to complete the defendants work in a proper manner. Because of the failure of consideration on the part of the defendants, the plaintiffs are entitled to a refund of the $2,825.00 paid to the defendants by the plaintiffs.

11. Thereafter on December 19, 2008, the defendants filed a Claim of Lien for the full price of $5,650.00. (Copy of Claim of Lien is attached) That Claim of Lien effectively prevented closing of the mortgage loan by the plaintiffs until a determination is made as to

FILED
JAN 1 2 2009
BILLY YATES
CLERK, CIRCUIT COURT

(A) That a Declaratory Judgment be entered in favor of the Plaintiffs and against the Defendants that the Claim of Lien is invalid and constitutes no lien against the plaintiffs' property.

(B) That your Honor will order a temporary and immediate hearing to determine and declare the validity of the Claim of Lien filed by the defendants against the property of the plaintiffs, all pending final determination of all other issues between the parties on final hearing.

(C) That if on temporary or immediate hearing the Court should determine that any sum of money is owed by the plaintiffs to the defendants, that your Honor will order whatever sum the Court feels should be paid, be paid to the Clerk of this Court to be held by the Circuit Clerk until after final hearing in this cause. That upon payment of said sum into the Clerk of the Court by the plaintiffs that your Honor will enter an Order that the Lien filed by the defendants against the property of the plaintiffs is null and void and of no force and effect.

(D) That if it were to appear that there is some sum of money owed, that your Honor will order the monies held by the Clerk to be invested to earn interest and be held until there is final determination of all issues between the parties.

(E) That upon final hearing in this cause, that your Honor will determine the amount of money owed by the defendants to the plaintiffs for the monies paid to them by the plaintiffs; the cost that should be attributable to the defendants as a result of the plaintiffs having to redo the work of the defendants; that your Honor will determine damages done by the defendants to the completed home of the plaintiffs and will determine the amount of the same; that your Honor will award damages to the plaintiffs for the inability

FILED
JAN 12 2009
BILLY YATES
CLERK, CIRCUIT COURT

whether or not the defendants are owed any money for their work and labor and if so how much. Irreparable damage is being caused the plaintiffs because of the delay.

12. As a result of the shoddy work done by the defendants and based upon the above allegations, the plaintiffs are entitled to recover from the defendants the following:

(a) The return of the $2,825.00 paid to the defendants by the plaintiffs for the work to be done in a good and workmanlike manner.

(b) Any cost incurred by the plaintiffs in redoing and reconstructing the work that the defendants were to do in a good and workmanlike manner.

(c) Monies for damages done by the defendants to the completed portions of the plaintiffs home in the defendants attempt to install improperly the counter-tops.

(d) The excessive costs incurred by the plaintiffs by the delay to be able to close immediately their permanent financing on the home, which now will include an additional rate increase.

(e) Punitive damages for the continued pattern and practice by the defendants of filing liens on work done immediately before closing, which work is shoddily done and not done in a good and workmanlike manner, but forcing payment on the same even though they are not entitled to the money.

13. The defendants filed the Claim of Lien which prevents closing until it is determined as to whether or not they are entitled to payment or are entitled to a lien.

14. That an immediate hearing is needed to determine if the defendants Claim of Lien is valid against the property and if any sums of money are owed by the plaintiffs to the defendants.

**WHEREFORE, PREMISES CONSIDERED**, your Plaintiffs pray that your Honor will grant to the plaintiffs the following relief.

FILED

JAN 1 2 2009

BILLY YATES
CLERK, CIRCUIT COURT

to close and for the payment for any additional interest rate because of the delay; that your Honor will award punitive damages in favor of the plaintiffs and against the defendants for their pattern and practice of not doing work in a good and workmanlike manner.

(F)   And your plaintiffs pray for both general and special relief.

_____
William David Adair

STATE OF ALABAMA  )
COUNTY OF ETOWAH  )

Personally appeared before me, the undersigned authority in and for said County and State, William David Adair, who after being first duly sworn deposes on oath and says that he executed the above instrument his own free will and accord, fully understanding the contents contained therein.

Given under my hand and official seal this 9th day of January, 2009.

_____
NOTARY PUBLIC

FLOYD LAW FIRM, LLC
ATTORNEYS FOR PLAINTIFFS

BY: _____
JACK FLOYD      FLO 005
808 Chestnut Street
Gadsden, AL 35901

FILED
JAN 12 2009
BILLY YATES
CLERK, CIRCUIT COURT

ELECTRONICALLY FILED
2/23/2009 11:40 AM
CV-2009-000014.00
CIRCUIT COURT OF
ETOWAH COUNTY, ALABAMA
BILLY YATES, CLERK

IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

| | |
|---|---|
| WILLIAM DAVID ADAIR and MARCHELLE LYNN ADAIR, <br><br> PLAINTIFFS <br><br> VS. <br><br> PHILLIP WINDSOR, Individually and d/b/a CREATIVE CABINET; and DEBRA KAY WINDSOR, Individually and d/b/a CREATIVE CABINET, <br><br> DEFENDANTS | CASE NO. CV 2009-14 |

## ANSWER AND COUNTERCLAIM

Comes now the Defendants, by and through counsel, and provide their following Answer and Counterclaim as follows:

### ANSWER

1. The Defendants deny the averments contained in paragraph number 1 of the Plaintiffs' Complaint and demands strict proof thereof.

2. The Defendants deny the averments contained in paragraph number 2 of the Plaintiffs' Complaint and demands strict proof thereof.

3. The Defendants admit the averments contained in paragraph number 3 of the Plaintiffs' Complaint.

4. The Defendants admit the averments contained in paragraph number 4 of the Plaintiffs' Complaint.

5. The Defendants deny the averments contained in paragraph number 5 of the Plaintiffs' Complaint and demands strict proof thereof.

6. The Defendants deny the averments contained in paragraph number 6 of the Plaintiffs' Complaint and demands strict proof thereof.

7. The Defendants deny the averments contained in paragraph number 7 of the Plaintiffs' Complaint and demands strict proof thereof.

8. The Defendants deny the averments contained in paragraph number 8 of the Plaintiffs' Complaint and demands strict proof thereof.

9. The Defendants deny the averments contained in paragraph number 9 of the Plaintiffs' Complaint and demands strict proof thereof.

10. The Defendants deny the averments contained in paragraph number 10 of the Plaintiffs' Complaint and demands strict proof thereof.

11. The Defendants deny the averments contained in paragraph number 11 of the Plaintiffs' Complaint and demands strict proof thereof.

12. The Defendants deny that the Plaintiffs are entitled to recover any damages and demand strict proof thereof.

13. The Plaintiffs' allegations contained in paragraph 13 are moot.

14. The Plaintiffs' claims contained in paragraph 14 are moot.

## COUNTERCLAIM

Come now the Defendants and make counterclaim against the Plaintiffs and state as follows:

### COUNT I-BREACH OF CONTRACT

1. The Defendants and the Plaintiff, Marchelle Adair entered into a contract on December 9, 2009 whereby the Plaintiffs would pay to the Defendants the total amount of $5,650.00 for the completion of certain granite counter-tops.

2. The Plaintiff has failed and refused to pay to the Defendants the amount owed on the contract which is $2,825.00.

3. The Defendants performed each and every portion of their obligation pursuant to the contract with the Plaintiff, Marchelle Adair and yet the Plaintiff has failed and refused to meet her financial obligation to the Defendants.

4. The Defendants have suffered damages as a result of the Plaintiff, Marchelle Adair's breach of contract.

5. The Plaintiff's failure to pay the amounts due pursuant to the contract constitutes a material breach of contract.

Wherefore the Defendants pray that this Honorable Court will grant unto them the following relief:

1. This Court will set this matter for final hearing as soon as is practicable;

2. This Court, after hearing, will make a finding that the Plaintiff, Marchelle Adair, breached the contract with the Defendants;

3. This Court will enter a judgement against the Plaintiff, Marchelle Adair, and in favor of the Defendants in the amount of $2,825.00 plus any and all interest, attorney fees, consequential damages, and any other damages available to the Defendants pursuant to Alabama Law;

4. This Court will grant to the Defendants any other further and different relief to which they may be entitled in these premises.

## COUNT II-FRAUD

1. The Plaintiffs, William David Adair and Marchelle Lynn Adair did perpetrate a fraud upon the Defendants.

2. On December 9, 2008, the Plaintiff fraudulently induced the Defendants to perform certain granite counter-top work at a residence located at 2950 Warrior Valley Road, Altoona, AL 35952. The Plaintiffs had no intention of paying the bargained for price on the contract and yet made a fraudulent promise to pay in order to induce the Defendants to complete the work.

3. The Plaintiffs actions were intentional and fraudulent and intended to cause economic harm to the Defendants.

4. The Defendants have been forced to incur attorney fees and the costs of court in prosecuting this action.

Wherefore the Defendants pray that this Honorable Court will grant unto them the following relief:

1. That this Court will issue all necessary processes in order to procure the Plaintiffs presence in court;

2. This Court will set this matter for court as soon as is practicable;

3. This Court will enter a judgement against the Plaintiffs and in favor of the Defendants for fraud;

4. This Court will award to the Defendants any and all damages pursuant to Alabama Law including attorney fees and litigation costs.

5. This Court will award punitive damages in favor of the Defendants and against the Plaintiffs;

6. This Court will award to the Defendant any other further and different relief to which they may be entitled in these premises.

### COUNT III-LIBEL

1. The Defendants reaver each and every material facts stated in Counts 1 & 2 above as if stated verbatim herein.

2. On or about December 23, 2008, the Plaintiff, David Adair, intentionally, recklessly, and knowingly, made a public written statement to the Better Business Bureau of North Alabama with the sole and exclusive purpose of damaging the Defendants personal and business reputation in the community.

3. The Plaintiff, David Adair, knew that such statement was materially false and yet made such statement without regard to the truth of the matter.

4. The Defendants have been damaged as a result of such statements made by the Plaintiff, David Adair, and have been forced to incur attorney fees and court costs in addition to damages to their reputation.

Wherefore the Defendants pray that this Honorable Court will grant unto them the following relief:

1. That this Court will issue all necessary processes in order to procure the Plaintiffs presence in court;

2. This Court will set this matter for court as soon as is practicable;

3. This Court will, after hearing will make a finding that the Plaintiff, David Adair, has libeled the Defendants;

4. This Court will access damages pursuant to Alabama Law including attorney fees, litigation costs and punitive damages.

5. This Court will award to the Defendant any other further and different relief to which they may be entitled in these premises.

## COUNT IV-INTERFERENCE WITH CONTRACTUAL OR BUSINESS RELATIONS

1. The Defendants reaver each and every material fact stated in Counts 1, 2, and 3 above as if stated verbatim herein.

2. The Defendants entered into a contract with the Plaintiff, Marchelle Adair, on December 9, 2008.

3. On or about December 12, 2008 the Plaintiff, David Adair, intentionally prevented the Defendants from fully completing the contract that they made with the Plaintiff, Marchelle Adair, by having the Defendants and their workmen removed from the property.

4. The Plaintiff, David Adair, was aware that the Defendants had entered into a contract with the Plaintiff, Marchelle Adair, and yet intentionally interfered with the contractual or business relationship between the Defendants and the Plaintiff, Marchelle Adair.

5. The Defendants have suffered damages as a result of the Plaintiff, David Adair's action.

6. The Defendants are entitled to punitive damages because Plaintiff, David Adair's actions were carried out wantonly, spitefully, and maliciously.

Wherefore the Defendants pray that this Honorable Court will grant unto them the following relief:

1. That this Court will issue all necessary processes in order to procure the Plaintiffs presence in court;

2. This Court will set this matter for court as soon as is practicable;

3. This Court will, after hearing will make a finding that the Plaintiff, David Adair, did interfere with the business or contractual relationship between the Defendants and the Plaintiff, Marchelle Adair;

4. This Court will award to the Defendants compensatory damages pursuant to Alabama Law;

5. This Court will award to the Defendants punitive damages against the Plaintiff, David Adair, for his intentional, wanton and spiteful interference;

6. This Court will award to the Defendant any other further and different relief to which they may be entitled in these premises.

WOODALL, BAKER & PATE

<u>S/Thomas B. Woodall</u>
**Thomas B. Woodall**
Attorney for the Defendants
200 West Alabama Avenue
Albertville, AL 35950
Telephone:   (256) 878-2760
Fax:         (256) 878-2761
WOO088
Email:       WoodallThomasB@aol.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was served via U. S. Mail, First Class, Postage Pre-Paid and via the AlaFile Electronic Filing System on the following counsel of record:

Hon. Jack Floyd
808 Chestnut Street
Gadsden, AL 35901

on this the 23rd day of February, 2009.

<u>S/Thomas B. Woodall</u>
**Thomas B. Woodall**